**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THERESA M. DAWSON,**

    **Plaintiff,**

**-vs-**                 **Case No. 6:11-cv-1128-Orl-28KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

_____

# ORDER

On April 17, 2012, Magistrate Judge Spaulding entered a Report and Recommendation (Doc. 17), recommending that the decision of the Commissioner be affirmed and the case closed. Plaintiff, Theresa M. Dawson ("Dawson"), filed a timely objection to the Report (Doc. 18); and the Defendant filed a Response (Doc. 19). Based upon a *de novo* review of the record and Dawson's objections, the Court will confirm and adopt the Report and Recommendation.[1]

**I. Jurisdiction**

Plaintiff having exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).

---

[1] The procedural and factual background of this case was set out in detail in the Report and Recommendation (Doc. 17) and will not be repeated here.

**II. Standard of Review**

As noted in the Report and Recommendation, the applicable standard is as follows. To be entitled to disability benefits under SSI, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" under the terms of the Act is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Pursuant to 42 U.S.C. § 405(a), the SSA has promulgated a five-step inquiry that must be followed in determining whether a claimant is entitled to benefits. In sum, an ALJ must apply the following criteria, in sequence:

(1) Is the claimant presently unemployed?

(2) Is the claimant's impairment severe?

(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?

(4) Is the claimant unable to perform his or her former occupation?

(5) Is the claimant unable to perform any other work within the economy?

20 C.F.R. § 416.920(a)(4). An affirmative answer to any of the above questions leads to either the next question, or, on steps three and five, to a finding of disability. A negative answer leads to a finding of "not disabled." *See, e.g., McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)

(citing 20 C.F.R. § 404.1512(a)). However, "the burden temporarily shifts at step five to the Commissioner[,] . . . [who] must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform." *Id.* at 1278 n.2 (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).

A court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

The SSA's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer*, 395 F.3d at 1210. "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walden v. Schweiker*, 672 F.2d 835, 838-39 (11th Cir. 1982) (internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983)). Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the proof preponderates against the decision. *Dyer*, 395 F.3d at 1210. The court may not reweigh the evidence or substitute its own judgment. *Id.*

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). Therefore, the court will reverse

if the SSA incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law. *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

When reviewing a final decision issued by the SSA, the court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### III. Analysis

Although Dawson "renews all of the arguments" raised in her brief, she emphasizes only one in her Objection to the Report and Recommendation. Plaintiff argues that the Magistrate erred in finding that the Administrative Law Judge ("ALJ"), sufficiently accounted for Dawson's moderate limitation in maintaining concentration, persistence, and pace by including in the hypothetical to the Vocational Expert ("VE") a limitation to "simple, routine, repetitive tasks involving up to three-step commands." (Doc. 17 at 14). In support Plaintiff relies primarily on the holding in *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). Her reliance is misplaced.

*Winschel* did not hold that limitations in concentration, persistence, or pace can never be accounted for by a functional limitation to performing simple, routine tasks or unskilled work. (Doc. 17 at 13). Rather, the court recognized "that a hypothetical question could sufficiently account for such an impairment by including a restriction to simple or routine tasks if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite a limitation in concentration, persistence, and pace." *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 872 n. 1 (11th Cir. 2011) (citing *Winschel*, 631 F.3d at 1179). In *Winschel* there was no such medical evidence, so

the court remanded with instructions to the ALJ to explicitly include claimant's limitations in the hypothetical. *Id*. In cases where such medical evidence does exist, courts have consistently held that limiting a hypothetical to "simple or routine tasks" is sufficient. *See*, *e.g., Jarrett*, 422 F. App'x at 872 (despite a moderate degree of limitation in maintaining concentration, persistence, and pace, claimant was "able to follow simple instructions, complete simple tasks, make decisions, avoid hazards, and relate adequately to function in the workplace."); *Hopson v. Astrue*, 3:11-CV-623-J-MCR, 2012 WL 1155294 (M.D. Fla. Apr. 5, 2012) ("The ALJ properly cited in his decision that Plaintiff, through her own admission, is able to follow basic instructions."); *Reina v. Comm'r of Soc. Sec.*, 6:10-CV-1643-ORL-GJK, 2012 WL 882516 (M.D. Fla. Mar. 15, 2012) ("The ALJ's hypothetical adequately accounted for Claimant's limitations in concentration, persistence or pace because the medical record indicates that Claimant can perform simple, routine tasks notwithstanding her limitations in these areas." (citing *Jarrett*, 422 F. App'x at 872)).

> In this case, the ALJ noted that,
>
> [w]ith regard to concentration, persistence, or pace, the claimant has moderate difficulties. At hearing (sic), the claimant testified that she has difficulty concentrating due to her anxiety. In this area, claimant's testimony and the objective medical evidence would indicate that from a mental standpoint the claimant has moderate limitation.

(Doc. 12-2 at 17). In the RFC assessment, however, the ALJ found sufficient medical evidence to suggest that despite her limitation, Dawson could still perform basic tasks. For example, a psychiatric evaluation by the Florida Department of Corrections in 2005 found that Dawson "had good immediate and recent memory and displayed good concentration[, she] had intact judgment but poor insight." (Doc. 12-2 at 18). It ultimately concluded that she had only "mild limitation with regard to activities of daily living, social functioning, and concentration persistence or pace." (Doc. 12-2 at 21). In 2008,

Dawson was interviewed by Dr. J. Jeff Oatley for the Office of Disability Determinations. In regards to her concentration, Dawson was

> able to count backwards by three's from 100 to 70, name 10 animals in 15 seconds, and spell the word 'world' forwards and backwards correctly. She could follow conversations without difficulty and her speech was coherent and did not contain any loose associations, preservations, nor was it impulsive. There were no concentration deficits noted and she was well oriented to place, time, and person. . . . Her attention span and activity level was appropriate, and she was cooperative with the examination and her attitude was pleasant. . . . After evaluating [Dawson] Dr. Oatley felt that [she] understood the value of money and could calculate simple purchases and appeared capable of managing finances. Interestingly, Dr. Oatley noted that [Dawson] admitted to working part-time as a phone operator.

(Doc. 12-2 at 19). This medical evidence was sufficient for the ALJ to conclude that, despite her limitations in concentration, persistence, or pace, Dawson could perform simple, routine tasks. The ALJ sufficiently accounted for these limitations by restricting the hypothetical to "jobs involving simple, routine repetitive tasks with up to three-step commands." (Doc. 12-2 at 56); *Jarrett*, 422 F. App'x at 872. It is therefore,

**ORDERED** that the Report and Recommendation (Doc. 17) is **CONFIRMED** and **ADOPTED**; the decision of the Commissioner is **AFFIRMED**. The Clerk is directed to issue a judgment consistent with this Order and to thereafter close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 9, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE